UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ST. PAUL FIRE AND MARINE
INSURANCE COMPANY and FIDELITY
AND GUARANTY INSURANCE COMPANY,

                Plaintiffs,

                                  ORDER ADOPTING REPORT &
                                  RECOMMENDATION
      -against-                04-CV-1189 (JS)(WDW)

MELODY WINDOWS AND CURTAIN
WALL, INC., STEALTH WINDOWS, INC.,
STEALTH WINDOWS OF MASSACHUSETTS, INC.,
PARVIZ ROUHANI a/k/a PAUL (PARVIZ)
ROUHANI and MAHVASH ROUHANI,

                Defendant,
----------------------------------------X

Appearances:
For Plaintiffs:     David Westermann, Jr., Esq.
                     Westermann Hamilton Sheehy
                     Aydelott & Keenan, LLP
                     Garden City Center
                     100 Quentin Roosevelt Boulevard, Suite 502
                     Garden City, NY 11530

For Defendant:     No Appearance

SEYBERT, District Judge:

       Upon review of the Report and Recommendation of Magistrate Judge William D. Wall, dated September 2, 2005, to which no party has objected, the Court hereby ADOPTS the Report and Recommendation in its entirety. In addition, the Court supplements the Report and Recommendation and awards Plaintiffs attorneys' fees and disbursements in the amount of $70,222.06.

       In his Report and Recommendation, Magistrate Judge Wall recommended that a default judgment be entered in favor of

Plaintiffs in the amount of $816,416.36, and that Defendants should be ordered to post $1,159,020.00 as collateral security against potential future losses.

Additionally, Magistrate Judge Wall determined that Plaintiffs were entitled to recover legal fees and expenses. Magistrate Judge Wall, however, did not award fees or expenses because the record presented to him was deficient.

Magistrate Judge Wall directed Plaintiffs to serve a copy of the Report and Recommendation on Defendants by certified mail, and to file proof of service with the Court. The Report and Recommendation provided that any objections were to be filed with the Clerk of the Court within ten days of the date of service or the right to object would be deemed waived. The Court notes that the time has expired and no objections have been filed. However, Plaintiffs have supplemented the record by filing documentation concerning the specific fees they incurred in bringing this action. All other objections, therefore, are hereby deemed waived. Accordingly, the Court adopts Judge Wall's Report and Recommendation and orders that a default judgment be entered in favor of Plaintiffs in the amount of $816,416.36, and orders Defendants to post $1,159,020.00 as collateral security against potential future losses. In addition, the Court supplements the Report and Recommendation's provision concerning attorneys fees in the following manner:

Plaintiffs retained two law firms in the furtherance of this action: (1) Cetrulo & Capone, LLC ("Cetrulo"); and (2) Westermann Hamilton Sheehy Aydelott & Keenan, LLP ("Westermann"). The Court has received documentation detailing the fees and costs incurred by both firms. Wetsermann has received from Plaintiffs $36,854.34 in compensation for the work it has performed. (Gillespie Decl. ¶ 3.) Cetrulo has received from Plaintiffs $33,367.72 for the work it has performed. (Chambers Aff. ¶ 4.) The Court has reviewed the declarations and invoices submitted on behalf of both law firms, and finds the fees and costs accrued by both firms to be reasonable.

Accordingly, the Court supplements Magistrate Judge Wall's Report and Recommendation and awards Plaintiffs $36,854.34 for the fees and costs incurred by Westermann, and awards Plaintiffs $33,367.72 for the fees and costs incurred by Cetrulo. The total award for attorneys' fees and disbursements is, therefore,$70,222.06.

                                                SO ORDERED

                                                /s/ JOANNA SEYBERT
                                                Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
            December 2, 2005